■ LILLIAN D. CARPENTER et al., Appellants, v NORTH FORK BANK, Respondent. [713 NYS2d 759] —In an action to recover damages for breach of contract, the plaintiffs appeal from an order and judgment (one paper) of the Supreme Court, Suffolk County (Cohalan, J.), dated August 16, 1999, which, upon denying their motion for summary judgment on the issue of liability and granting the defendant's motion for summary judgment, dismissed the complaint.

Ordered that the order and judgment is affirmed, with costs.

In May 1987 the plaintiff Anthony Carpenter, individually, and the Home Sweet Home Potato Corporation (hereinafter the corporation), of which he was the President and sole shareholder, executed a note in favor of the defendant's predecessor in interest, Southold Savings Bank (hereinafter the bank). The note was secured by a mortgage executed by the corporation. Mr. Carpenter also executed a guarantee of payment of the debt. After the corporation defaulted, the bank notified Mr. Carpenter and sought payment from him based upon the guarantee. Mr. Carpenter obtained a loan from another bank, using the residence he owned jointly with his wife, the plaintiff Lillian Carpenter, as security. He then used the loan proceeds, which had been deposited into their joint bank

account, to pay off his corporation's debt. On the back of the check which Mr. Carpenter tendered to the bank as payment of the debt, he wrote, "Assignment of Home Sweet Home Potato Corp. Mortgage from Southold Savings Bank to Anthony A. & Lillian D. Carpenter". The bank did not assign the mortgage to the plaintiffs, but instead issued and filed a satisfaction of mortgage. Mr. Carpenter and his wife commenced this action against the bank, alleging that by failing to assign the mortgage to them, the bank caused them to become unsecured creditors of the corporation, with a resulting loss of their right to recoup payment from the corporation.

Contrary to the plaintiffs' contentions, the record does not indicate the existence of an agreement compelling the bank to assign the mortgage to them. Indeed, Paragraph 21 of the mortgage provided that when the bank was paid all amounts due under the note and mortgage, the bank would discharge the mortgage "by delivering a certificate stating that this Security Instrument has been satisfied". Thus, the bank complied with the provisions of the mortgage by issuing and recording a satisfaction of the mortgage.

The notation made by Mr. Carpenter on the back of the check does not constitute a restrictive endorsement, since there were no words accompanying the notation to apprise the bank that acceptance of the check was conditioned upon the bank agreeing to assign the mortgage to the plaintiffs (*see,* UCC 3-205; *see also, West Seventy-Ninth St. Assocs. v Lemi, Inc.,* 144 Misc 2d 216).

To the extent that the plaintiffs seek review of a prior order which denied their motion to disqualify the defendant's attorney, we note that the order dated April 8, 1998, is not brought up for review on the appeal from the order and judgment dated August 16, 1999 (*see,* CPLR 5501).

The plaintiffs' remaining contentions are without merit. O'Brien, J. P., Altman, Krausman and Schmidt, JJ., concur.